# The State *v.* Etowah Lumber Co.

## *Habeas Corpus.*

(Decided Dec. 19, 1907. 45 So. Rep. 162.)

*Convicts; Contracts for Service; Immunity From Arrest.*—The state, by permitting a convict to choose for whom he will perform service, and to make a contract for such service and custody, does not grant the convict immunity from arrest and punishment for another crime, and the person contracting with such convict assumes the risk of his subsequent arrest and punishment. Such contractor may not procure his release on habeas corpus from such subsequent arrest by virtue of his contract with the convict.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. Foster.

Habeas corpus by the Etowah Lumber Company, to procure the custody of Tom Falkner, serving the terms of a criminal contract with the Lumber Co., pending which he was arrested and convicted of another crime, and sentenced to serve the state. From an order deliv-

ering him to the custody of the Lumber Company, the state appeals. Reversed and rendered.

ALEXANDER M. GARBER, Attorney General, for the State.

FLEETWOOD RICE, for appellee.

TYSON, C. J.—This appeal is by the state from an order entered by Hon. Henry B. Foster, judge of the Tuscaloosa county court, discharging one Tom Falkner from the custody of the sheriff of that county, who held him under a warrant issued by a justice of the peace upon a valid affidavit charging him with committing a misdemeanor, upon petition for a writ of habeas corpus exhibited by the Etowah Lumber Company, which had the custody of said Falkner, when arrested, under a contract made in pursuance of a confession of judgment as his surety, as authorized by section 4751 of the Criminal Code of 1896.

But a single question is presented for our decision by the record. It is whether the arrest of Falkner—he being at the time in the legal custody of the Etowah Lumber Company, and performing service under his contract with that company—was legal. If illegal, clearly the order appealed from was proper. On the other hand, unless the custody of him by the lumber company operated to exempt him from the service of legal process upon him—to the end, it may be, of depriving that company of his custody and services under their contract with him—his arrest and custody by the sheriff was lawful, and his discharge therefrom was error. The state was in no sense a party to the contract by which the company acquired the custody of Falkner. It is true it permitted the making of the contract, and provides a punishment for its breach; but it was not a guarantor of

his not violating its criminal laws after it was executed, or that he had not theretofore violated any of them. Nor is there a statute which prescribes his immunity from arrest and punishment in the event he offended any of the penal statutes. Had he theretofore, or after he began the performance of the contract, committed murder or any other felony, upon what authority could it be said that he would be immunized from arrest and punishment, thereby terminating his contract with the company? We know of none, and it is believed there is none. And, if there be no immunity from arrest upon a warrant charging the commission of a felony by him, there is no such immunity where he is charged with the commission of a misdemeanor. The Etowah Lumber Company, in making the contract with him, assumed the risk of his obedience to law while serving it, and of his not having previously committed crimes which would subject him to arrest and punishment. Certainly the state did not guarantee the company against any or all of these things.

The order appealed from will be set aside, and the writ denied.

Reversed and rendered.

SIMPSON, ANDERSON, and DENSON, JJ., concur.